UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBEN CUEVAS

v.  Case No.: 8:09-cv-2009-T-24-TGW
    8:98-cr-154-T-24-TGW

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Petitioner's Motion to Set Aside or Correct Sentence. (CV Doc. No.1; CR Doc. No. 658). Because a review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I. Background**

On September 4, 2002, a second superseding indictment was returned charging Petitioner and several others with various narcotics violations. (CR Doc. No. 198). Thereafter, on December 11, 2003, pursuant to a written plea agreement, Petitioner pled guilty to conspiracy to import five kilograms or more of cocaine into the United States and conspiracy to possess with intent to distribute five kilograms or more of cocaine. (CR Doc. No. 380, 389). On April 21, 2004, this Court sentenced Petitioner to a total term of 252 months imprisonment. (CR Doc. No. 402, 468).

On April 29, 2004, Petitioner filed a Notice of Appeal. (CR Doc. No. 478). However, the appeal was dismissed by the Eleventh Circuit on June 14, 2005, because Petitioner's plea agreement contained a provision in which Petitioner waived his right to appeal. (CR Doc. No. 590).

Thereafter, on June 16, 2006, Petitioner filed a motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255. (CR Doc. No. 608). On July 21, 2006, he filed an amended § 2255 motion, and on August 11, 2006, he filed a second amended § 2255 motion. (CR Doc. No. 609, 622). This Court denied his second amended § 2255 motion on November 27, 2006. (CR Doc. No. 623). Almost three years later, on September 30, 2009, Petitioner filed the instant § 2255 motion to set aside his sentence.

## II. Motion to Set Aside Sentence

The Court need not address the merits of Petitioner's pending § 2255 motion, because the motion is unsigned, untimely, and successive. For those reasons, the motion is denied.

Petitioner did not sign his § 2255 motion. The Court need not consider whether it should allow him to cure this deficiency, because the motion is also untimely and successive.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)). Petitioner appealed his conviction, and his appeal was dismissed on June 14, 2005. More than four years have elapsed since his appeal was dismissed before he filed the instant § 2255 motion, and as such, this motion is untimely and time-barred.

### B. Successive Filing

Additionally, this motion must be denied as it is a successive filing. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

**DONE AND ORDERED** at Tampa, Florida, this <u>10th</u> day of November, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner

4